

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00367-CR

| | | |
|---|---|---|
| Richard Arthur Bagwell | § | From County Court at Law No. 2 |
| | § | of Parker County (CCL2-11-0062) |
| v. | § | February 7, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00367-CR

---

RICHARD ARTHUR BAGWELL            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Richard Arthur Bagwell of the Class B misdemeanor offense of attaching to or displaying on a motor vehicle a fictitious registration insignia. The trial court sentenced him to thirty days' confinement and a fine of $100 pursuant to a post-guilty verdict plea bargain.

In two points, Appellant contends that the evidence is insufficient to support the jury's verdict and that the trial court reversibly erred and abused its discretion by

---

[1]*See* Tex. R. App. P. 47.4.

overruling his objection to the jury charge. Because the evidence is sufficient to support the jury's verdict and Appellant suffered no harm as a result of the erroneous jury instruction, we overrule Appellant's two points and affirm the trial court's judgment.

**Statement of Facts**

Azle police officer Thomas Berrettini testified that he was working on patrol on the evening shift of September 12, 2010, when he noticed a Chevy pickup truck with a camper traveling on Northwest Parkway in Parker County around 9:30 p.m. Berrettini testified that he ran a license plate check on his car's computer and determined that the pickup had an expired vehicle registration. When Berrettini pulled the pickup truck over, the driver, Appellant, identified himself with a U.S. passport. The computer check also showed that several Class C ticket warrants were outstanding for Appellant's arrest.

Berrettini noticed something wrong with the registration sticker on the pickup's windshield. He described it as having "cutouts on the registration," and he reached inside the pickup and removed the sticker. Berrettini testified that when he showed the sticker to Appellant and read Appellant his *Miranda*[2] warnings, Appellant replied, "[N]o comment."

The trial court admitted State's Exhibit 1 and 2. State's Exhibit 2 is a registration sticker issued for the pickup truck Appellant was driving. It contains an

_____

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

3

expiration date of "04/10." State's Exhibit 1, a sticker that was somehow affixed on top of the face of State's Exhibit 2 inside the pickup truck's windshield, is a registration sticker for a 2001 Hyundai four-door car. State's Exhibit 1 has an expiration date of "08/10." Someone had placed a small piece of paper with a handmade Arabic "1" over the 0 so that the State's Exhibit 1 registration sticker displayed its year of expiration as "11." Thus, State's Exhibit 1 as modified was the registration sticker that was visible to those looking at the pickup's windshield from its exterior. A computer check showed that Appellant was the registered owner of both vehicles.

Berrettini admitted that from inside the pickup truck, it was not possible to see the numbers on the face of the stickers because the bottom sticker, State's Exhibit 2, had a blue back. He also admitted that Appellant could have been telling the truth when he told Berrettini that he did not know his registration was expired. Berrettini further admitted that he did not know whether Appellant was the only person who ever operated the pickup truck. Berrettini also admitted that anybody operating the pickup truck from time to time could have put the sticker on the windshield. But Berrettini also testified that the altered registration was not difficult to see and that it was not difficult to recognize that something was not right about the sticker.

The State concedes that there is no direct evidence about how the sticker was placed on the inside of the windshield or about who attached it.

**Sufficiency of the Evidence**

Former section 502.409(a)(4) of the transportation code, the controlling statute, provided at the time of the offense, "WRONG, FICTITIOUS, ALTERED, OR OBSCURED LICENSE PLATE. (a) A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that: . . . is fictitious[.]"[3] In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[5] In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution."[6]

---

[3]Act effective Sept. 1, 2003, 78th Leg., R.S., ch. 837, §§ 1, 2, 2003 Tex. Gen. Laws 2625, 2625, *amended and redesignated by* Act effective Jan. 1, 2012, 82nd Leg., R.S., ch. 1296, § 159, 2011 Tex. Gen. Laws 3685, 3685–86 (current version at Tex. Transp. Code Ann. § 502.475(a)(4) (West 2012)).

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

[5]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[6]*Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given.[7] Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[8] The "law as authorized by the indictment" means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument.[9] When multiple theories are presented to the jury in the application paragraph, the verdict of guilt will be upheld if the evidence is sufficient on any of the theories possible that were alleged in the charging instrument.[10] That is, the propriety of charging the jury on a theory not included in the indictment or information is a charge issue, not a sufficiency issue. But sufficiency is measured only against offenses alleged in the charging instrument—the indictment or information, not against acts contained in the application paragraph but not in the charging instrument.[11]

---

[7]*Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

[8]*Id.*

[9]*See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

[10]*Hooper*, 214 S.W.3d at 14.

[11]*Byrd*, 336 S.W.3d at 246.

The amended information in the case sub judice charged in Count III that Appellant did then and there

> intentionally or knowingly display or cause or permit to be displayed on a motor vehicle to-wit: a Chevrolet pickup truck, a registration insignia that was fictitious, in that the registration insignia had been altered to reflect a registration period ending August 2011.

The jury charge, however, instructed the jury that "[o]ur law provides that a person commits an offense if he intentionally and/or knowingly attaches to or displays on a motor vehicle a number plate or registration insignia that is fictitious." The trial court defined fictitious as "not genuine." In the application paragraph, the trial court charged the jury,

> Now, if you find from the evidence beyond a reasonable doubt that on or about September 12, 2010 in Parker County, Texas, [Appellant] did intentionally and/or knowingly attach to or display on a motor vehicle a number plate or registration insignia that was fictitious, then you will find [him] guilty as charged.

Thus, the amended information, the charging instrument in this case, contained no allegation that Appellant attached or displayed a "number plate," but both the instruction on the law and the application paragraph included attaching or displaying a number plate, which is a license plate. The jury was therefore instructed on a theory not contained in the information. The hypothetically correct jury charge would not contain an instruction or a definition that was not part of the charging instrument.[12] In evaluating the sufficiency of the evidence, then, we do not consider whether there was evidence that Appellant attached or displayed a license

---

[12]*See id.*

plate to his pickup truck. We examine the record to determine only whether there was a fictitious registration insignia. "Registration insignia" was not defined in the jury charge. Our best guess is that the altered sticker referred to by Berrettini is a registration insignia.

Only Berrettini testified. He testified to what he saw, and he also testified about Appellant's statements made before his arrest. The jury heard that someone had turned a 2010 sticker into a 2011 sticker by placing a handwritten "1" over the "0." The jury also saw the stickers offered by the State and admitted by the trial court. The jury had to determine whether it was reasonable to believe that Appellant was not aware of the condition of the sticker. While there is no direct evidence that it was Appellant who placed the sticker on his pickup truck, if he knew the sticker had been tampered with and left it on his windshield while he drove his pickup truck, that would be sufficient evidence that he knowingly displayed the sticker.[13] One definition of "display" is "to show or exhibit."[14] When Appellant drove his pickup truck on a public road with the sticker on his windshield, he was showing or exhibiting the sticker; he was therefore displaying it. Applying the appropriate standard of review, we hold that the evidence is sufficient to permit a jury to find

---

[13]Act effective Sept. 1, 2003, 78th Leg., R.S., ch. 837, §§ 1, 2, 2003 Tex. Gen. Laws 2625, 2625 (amended and redesignated 2011).

[14]*Display Definition*, Dictionary.Com, http://dictionary.reference.com/browse/display (last visited Feb. 5, 2013).

Appellant guilty beyond a reasonable doubt of knowingly displaying the tampered-with sticker on his pickup truck.[15]  We overrule Appellant's first point.

**Charge Error**

In his second point, Appellant argues that the trial court erroneously instructed the jury that it could convict him of displaying a fictitious license plate although the charging instrument contained no such allegation.  The State concedes this error.  The issue, therefore, is twofold:  was Appellant's objection sufficiently specific to inform the trial court of its error, and did Appellant suffer harm as a result of the erroneous instruction?

Appellant objected that the evidence was not sufficient to submit "this or any other charge of the offense to a jury."  Appellant also objected that "the application paragraph would charge in the abstract very significantly from what [he had] pled guilty [sic] to in the Court's amended information and complaint, and [he] object[ed] to that variance and that it significantly reduce[d] the State's burden."  The State argues that the objection was insufficiently specific to put the trial court on notice that the reference to the license plate was improper.  We hold that Appellant's objection that there was a variance between the jury instruction and the amended information that reduced the State's burden of proof was sufficient to place the trial court on notice that Appellant was objecting to the variance between the jury charge and the amended information.

_____

[15]*Matson*, 819 S.W.2d at 846.

Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error.[16] In other words, a properly preserved error will require reversal as long as the error is not harmless.[17] In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[18]

The State argues that the prosecutor did not mention the phrase "license plate" in his final argument. That is not exactly accurate. The prosecutor stated "Officer Berrettini . . . stopped a vehicle because when he ran a back license plate it came back as being an expired registration." The prosecutor repeatedly referred to the fact that the sticker was in the left front of the windshield. But the prosecutor also referred to the registration sticker as an inspection sticker. Of course, Appellant was not accused of having a fictitious inspection sticker. Nor was the jury instructed that they could convict him of displaying a fictitious inspection sticker.

---

[16]Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Louis v. State*, No. PD-0323-11, 2012 WL 2007632, at *8 (Tex. Crim. App. June 6, 2012) (noting that the jury charge harm analysis standards under *Almanza* are well-established).

[17]*Almanza*, 686 S.W.2d at 171.

[18]*Id.*; *see also Barron v. State*, 353 S.W.3d 879, 884 (Tex. Crim. App. 2011) (elaborating on the importance of considering the entire jury charge).

10

Having closely examined the record in its entirety, there is no evidence that Appellant displayed a fictitious license plate. And, although a license plate was mentioned by both the prosecutor and the defense in final argument, the suggestion was not made in the context of convicting Appellant for displaying a fictitious license plate, a crime with which he was not charged. Consequently, we hold that Appellant suffered no harm as a result of the erroneous jury instruction. We, therefore, overrule his second point.

**Conclusion**

Having overruled Appellant's two points on appeal, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 7, 2013

11